UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GBML LLC,

                                        **Plaintiff,**

                                        MEMORANDUM
                                        AND ORDER

                           -against-                      22-CV-3138 (RPK)

M2B INVESTORS, LTD., et al.,

                                         **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Defendants M2B Investors, Ltd. and Wall Street Mortgage Bankers Ltd., d/b/a/ Power Express Mortgage (collectively, "defendants"), have filed a series of motions in this action, all of which have been referred by the District Court to this magistrate judge, see Order (Aug. 1, 2022): to wit, a Motion to Stay Discovery (June 24, 2022) ("Mot. to Stay"), Electronic Case Filing Docket Entry ("DE") #16; a Motion to Quash (June 28, 2022) ("Mot. to Quash"), DE #17; and a Motion to Disqualify (June 29, 2022) ("Mot. to Disqualify"), DE #20.[1] For the reasons discussed below, defendants' motion to stay discovery is denied, defendants' motion to disqualify is denied without prejudice, and defendants' motion to quash is granted.

---

[1] Defendants originally filed requests for a premotion conference before District Judge Rachel P. Kovner. After Judge Kovner referred those requests to the undersigned for decision, this Court notified counsel that it would deem the premotion letters as the motions themselves, and afforded them an opportunity to supplement their submissions. See Order (Aug. 2, 2022). The parties supplemented their filings only on the motion to disqualify counsel.

**DISCUSSION**

I.      Motion to Disqualify

Defendants seek to disqualify plaintiff's counsel Philip M. Hines, Esq. and Marc Held, Esq., along with their law firm Held and Hines, LLP, from representing plaintiff GBML LLC ("GBML"), on the ground that their involvement in the transaction underlying this suit makes them necessary witnesses. Hines is the sole member of GBML and both counsel represented GBML in the underlying real estate transaction. See Response in Opposition (June 30, 2022) at 1-2, DE #21. According to defendants, Held and Hines were "involved in every material aspect of the transactions" and their testimony will be "adverse to the factual assertions or account of events asserted in the Complaint." Mot. to Disqualify at 1; Defendants' Supplement[al] Brief In Support of Motion to Disqualify (Aug. 5, 2022) at 1, DE #26.

Defendants' motion is predicated on the witness-advocate rule embodied in Rule 3.7 of the New York Rules of Professional Conduct. Subsection (a) of the Rule provides, with certain exceptions, that "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact . . . ." N.Y. R. Prof'l Conduct § 3.7(a). Subsection (b), which addresses disqualification of a law firm's attorneys by imputation, has somewhat broader application: "A lawyer may not act as an advocate before a tribunal in a matter if . . . another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client." Id. § 3.7(b).

Recognizing that Rule 3.7 "lends itself to opportunistic abuse[,]" Murray v. Metropolitan Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009), the Second Circuit has held that

2

motions to disqualify under the witness-advocate rule must be subject to "'fairly strict scrutiny.'" Id. (quoting Lamborn v. Dittmer, 873 F.2d 522, 531 (2d Cir. 1989)). The movant "bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring to the witness-advocate's client is substantial." Id. (quoting Lamborn, 873 F.2d at 531) (brackets, added in Murray, omitted). "Prejudice" refers to testimony "that is 'sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony.'" Id. (quoting Lamborn, 873 F.2d at 531). Disqualification is "required only when it is likely that the testimony to be given by [counsel] is necessary." Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir. 1994) (internal quotation marks and citation omitted; alteration by court in Purgess).

Disqualification under subsection (a) applies only when the attorney-witness actually serves as trial counsel before the jury. See Murray, 583 F.3d at 179; Quality Door & Hardware, Inc. v. Stanley Sec. Sols., Inc., 19-CV-4574(JS)(AKT), 2020 WL 6582010, at *7 (E.D.N.Y. Nov. 10, 2020); Finkel v. Frattarelli Bros., Inc., 740 F.Supp.2d 368, 373 (E.D.N.Y. 2010) (Bianco, J.). Since both sides in the instant action anticipate filing dispositive motions, the case at bar may never reach the trial stage. Moreover, even if the case proceeds beyond motion practice, it is not yet clear, at this early juncture in the case, that either Held or Hines will serve on the trial team, let alone as an advocate before the jury. See Murray, 583 F.3d at 179 (reversing order disqualifying law firm, after reviewing deposition testimony of four of the firm's attorneys, who were likely to be called to testify at trial: "Three of them are transactional lawyers who are not and will not be trial advocates; the fourth, a

3

litigator, is a member of the trial team, but will not act as an advocate before the jury."); Quality Door, 2020 WL 6582010, at *7; Montana v. RMS Indus., of New York, Inc., CV 19-2889 (DRH)(ARL), 2020 WL 5995965, at *3 (E.D.N.Y. Sept. 24, 2020) (collecting cases), adopted, 2020 WL 5995128 (E.D.N.Y. Oct. 9, 2020). Accordingly, it is premature at this preliminary stage of the case to determine whether the witness-advocate rule embodied in Rule 3.7(a) applies here. See Quality Door, 2020 WL 6582010, at *7; Montana, 2020 WL 5995965, at *3 (Rule 3.7(a) "does not concern pre-trial representation"); Interpharm, Inc. v. Wells Fargo Bank, N.A., No. 08 Civ. 11365(RJH)(HBP), 2010 WL 1141201, at *5 (S.D.N.Y. Mar. 25, 2010) ("the concerns that justify disqualification of an attorney who will be a witness are not implicated at the pretrial stage").

In any event, defendants have failed to establish that any testimony that Hines or Held is likely to offer would be necessary or prejudicial to their client, GBML. See Quality Door, 2020 WL 6582010, at *7; Montana, 2020 WL 5995965, at *4; Finkel, 740 F.Supp.2d at 376-78; Ross v. Blitzer, No. 09 Civ. 8666(HB), 2009 WL 4907062, at *3-4 (S.D.N.Y. Dec. 21, 2009). First, defendants' claim that plaintiff's counsel are "necessary witnesses" is belied by their argument, in support of their motion to stay discovery, that "the key factual issues that require discovery can [be] established through documentary evidence, and not witness' memories." Mot. to Stay at 3. In any event, the key inquiry in connection with the motion to disqualify is the potential prejudice to the client (GBML) arising from the involvement of the "attorney-witness."[2] Defendants' argument that Held and Hines' potential testimonies will be prejudicial to GBML is necessarily speculative prior to the commencement of discovery. Put

---

[2] Defendants do not assert that plaintiff's counsel previously represented them, or that any of the attorneys they are seeking to disqualify otherwise suffer from any conflict of interest.

4

simply, at this juncture, there is an insufficient record upon which to determine "the extent to which an attorney's testimony might be necessary or prejudicial" to the client. Ross, 2009 WL 4907062, at *3; see Arenson Office Furnishings, Inc. v. Kopelman, 1:20-cv-10497-MKV, 2021 WL 1758806, at *4 (S.D.N.Y. May 4, 2021) (denying motion to disqualify without prejudice to renewal after discovery and summary judgment motion practice); Finkel, 740 F.Supp.2d at 376 ("Speculation as to the testimony that counsel would give is not sufficient to support a motion to disqualify").

Nor is disqualification of Held and Hines, LLP warranted under Rule 3.7(b) based on imputation. Disqualification under subsection (b) "should be ordered sparingly and only when the concerns motivating the rule are at their most acute." Murray, 583 F.3d at 178 (citation omitted). Consequently, "a law firm can be disqualified by imputation only if the movant proves by clear and convincing evidence that [A] the witness will provide testimony prejudicial to the client, and [B] the integrity of the judicial system will suffer as a result." Id. at 178-79. In imputation cases, where, in contrast to the situation addressed under subsection (a), the witness is not acting as trial counsel, the potential for harm to the integrity of the judicial process—and thus the concerns underlying Rule 3.7(a)—are "'absent or, at least, greatly reduced.'" Id. at 178 (quoting Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d 269, 283 (2d Cir. 2004)). Disqualification by imputation is an "extreme remedy" that requires defendants to establish by clear and convincing evidence that plaintiff would be so prejudiced by its counsel's potential testimony that the integrity of the judicial system would thereby be undermined. Here, defendants have failed to satisfy their heavy burden to warrant depriving plaintiff of its choice of counsel at this point in the proceeding.

See Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir. 1983) (noting that disqualification motions are disfavored because they impinge on a "client's right freely to choose his counsel"). Therefore, defendants' motion to disqualify is denied without prejudice.

II.     Motion to Stay

Defendants request that the Court stay discovery in anticipation of their motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (the "FRCP"). See Mot. to Stay. Defendants argue that the federal claims asserted against them are meritless and, in the absence of any viable federal claim, the Court should decline to exercise supplemental jurisdiction over the state law claims. See id. at 2-3.

Pursuant to Rule 26(c) of the FRCP, which governs protective orders, a court may grant a stay of discovery for "good cause." See Fed. R. Civ. P. 26(c)(1). While the pendency of a dispositive motion may sometimes create good cause to stay discovery, it by no means entitles a movant to an automatic stay. See Diaz v. Local 338 of the Retail, Wholesale Dep't Store Union, United Food & Com. Workers, No. 13-CV-7187 (SJF) (SIL), 2014 WL 4384712, at *2 (E.D.N.Y. Sept. 3, 2014) (collecting cases); Bachayeva v. Americare Certified Special Servs., Inc., No. 12-CV-1466 (RRM)(SMG), 2013 WL 4495672, at *4 (E.D.N.Y. Aug. 20, 2013). In deciding whether good cause has been shown, courts consider the breadth of discovery and the burden entailed in responding to it, as well as the prejudice to the adverse party in the event a stay is granted. See Diaz, 2014 WL 4384712, at *2; Bachayeva, 2013 WL 4495672, at *4. A court may also consider whether the defendant seeking a stay has made a "strong" or "substantial" showing that the claims lack merit. See Diaz, 2014 WL 4384712, at *2; Bachayeva, 2013 WL 4495672, at *4. Whether to grant a protective order or stay lies

within a court's broad discretion.  See Republic of Turkey v. Christie's, Inc., 316 F.Supp.3d 675, 677 (S.D.N.Y. 2018); Bachayeva, 2013 WL 4495672, at *4.  The party seeking the protective order bears the ultimate burden of persuading the Court that good cause has been shown.  See Republic of Turkey, 316 F.Supp.3d at 677.

Here, defendants' perfunctory complaint about the "burdens of discovery" consists of a single sentence in which they state that "plaintiff[] would be seeking discovery into two at least (2) [sic] corporate defendants, who would have to participate in paper discovery and depositions until a decision is reached on the pending motion."  Mot. to Stay at 3.  Inasmuch as discovery has not yet commenced, defendants are in no position to assess the breadth and burden of discovery that plaintiff may seek.  With respect to the strength of defendants' motion to dismiss, this Court is unable to find from the limited record before it that defendants have made a strong or substantial showing that plaintiff's federal claims lack merit.  In any event, even if defendants were to prevail on their motion to dismiss, and the District Court declined to exercise supplemental jurisdiction over plaintiff's state law claims, plaintiff would nevertheless be able to re-file the action in state court and to demand the same discovery; in other words, discovery is likely to occur regardless of the outcome of defendants' motion to dismiss.  See WindServe Marine, LLC v. US Workboats, LLC, 20-CV-532 (ENV), 2021 WL 5749829, at *1 (E.D.N.Y. Mar. 2, 2021).  Thus, defendants have not shown good cause to stay discovery in the instant action.

III.    Motion to Quash

Finally, defendants move to quash a subpoena plaintiff served on non-party MB Appraisal, Inc.  See Mot. to Quash.  Defendants assert that the subpoena was served in

7

violation of Rule 26(d)(1) of the FRCP, which provides that discovery may not be conducted prior to the parties' Rule 26(f) conference, which has not yet taken place herein. See Mot. to Quash at 1. In addition, defendants argue that the subpoena was served in violation of Rule 45 of the FRCP, which requires that a party be provided notice and a copy of the subpoena before it is served. See Mot. to Quash at 1. Plaintiff opposes defendants' application on the ground that the Federal Rules do not apply to the subpoena because it was served pursuant to the borrower's rights under the relevant contract. See Response in Opposition (June 30, 2022) ("Opp. Quash") at 1, DE #22.[3]

Rule 26(d)(1) expressly provides that, subject to certain exceptions not applicable here, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(1); see Molefi v. Oppenheimer Trust, No. 03 CV 5631(FB)(VVP), 2007 WL 538547, at *4 (E.D.N.Y. Feb. 15, 2007) (stating same). Although no party saw fit to provide the Court with a copy of the subpoena, plaintiff concedes that it was a subpoena form "for a deposition in a civil action," albeit without the checkbox for "Testimony" marked. See Opp. Quash at 1. The Court finds that defendants herein are entitled to a protective order forbidding discovery from taking place prior to the required Rule 26(f) conference. Thus, plaintiff was not authorized to issue any subpoenas until after counsel participated in a Rule 26(f) conference. The non-party subpoena addressed to MB Appraisal, Inc. is accordingly quashed.

---

[3] Plaintiff's response cites to exhibits that are not attached.

## CONCLUSION

For the foregoing reasons, defendants' motion to stay is denied, defendants' motion to disqualify counsel is denied without prejudice, and defendants' motion to quash is granted.

**SO ORDERED.**

**Dated:** Brooklyn, New York
August 18, 2022

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**