MARC J. HELD*
PHILIP M. HINES*

*ALSO ADMITTED IN NEW JERSEY

JACK ANGELOU
MATTHEW R. GROSSO
EDWARD S. MILLER
URI NAZRYAN

OF COUNSEL
SHERRY D. DANZIG



**HELD & HINES LLP**
ATTORNEYS AT LAW

*Via Electronic Filing*
Hon. Rachel P. Kovner, United States District Court Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
New York, NY 11201

December 14, 2022

                         Re: *GBML LLC v. M2B Investors, Ltd. et al.*
                          Case No.: 1:22-cv-03138

Dear Judge Kovner:

      This firm represents the Plaintiff in this matter, GBML LLC. We are writing in response to the letter of December 8, 2022 of Joshua Levin-Epstein, Esq., of the firm of Levin-Epstein & Associates, P.C., attorneys for Defendants, requesting a pre-motion conference regarding their anticipated motion to dismiss the Amended Compliant pursuant to FRCP 12(b)(1) and (6).

      Initially, Defendants' requests for relief appear to be contradictory. The gravamen of Defendants' current application, as well as of their Motion to Dismiss the original complaint (Dkt. 1) appears to be that the Real Estate Settlement Procedure Act (RESPA) and the Truth in Lending Act (TILA) are not applicable to the subject real estate transaction, claiming as they do that it was for business or commercial purposes (even though defendants are neither licensed nor qualified to engage in such type of loans), and that since neither RESPA nor TILA apply, this Court lacks subject matter jurisdiction. However, while asking this Court to find that it lacks subject matter jurisdiction, Defendants ask this Court to also dismiss the pendent state claims, which it cannot do if it does not have jurisdiction in the first instance. Even more confounding is that in their prior application, Defendants asked this Court to refrain from deciding the pendent state claims as it may lack jurisdiction and this Court agreed. Defendants clearly cannot have it both ways.

      Nevertheless, turning to Defendants' arguments for each cause of action in turn, Plaintiff offers the following.

**Specific Performance**

      Initially, Plaintiff did not allege that Defendant Wall Street was a party to the Contract of Sale for good reason: it was not. Wall Street was, however, a party to the agreement to provide a mortgage loan. How this vitiates against the claim for specific performance as to either Defendant is not explained by Defendants. In fact, it does not. The Amended Complaint (Dkt. 41) (AC) requested specific performance by way of closing on the subject premises (¶ 82), which applies to both Defendant Seller and mortgage broker Wall Street, and by way of setting the mortgage loan rate at 4 ¾ %, which applies to Wall Street.

The AC did allege that Plaintiff had fulfilled its contractual obligations at ¶¶ 76 and 88, and that Plaintiff was ready, willing and able to consummate the transaction at ¶¶ 67 and 107. In light of these allegations, how "the Amended Complaint's allegations, the loan application, and purported mortgage commitment letter conclusively demonstrate that Plaintiff was not ready, willing and able to close title on the closing date", as Defendants contend, is never explained and in fact is inexplicable and contrary to the aforesaid pleading.

**Breach of Contract**

The existence of a valid contract and many of its provisions are alleged in the AC at, *inter alia*, ¶¶ 22-25, 28-29, 32-34, and 36-39. Again, while it was not alleged that Defendant Wall Street was a party to the Contract of Sale simply because it was not, it was alleged that Wall Street violated the terms of the agreement to provide a mortgage loan in the AC at ¶¶ 44-45, 57, and 68-73, and was a party to a contract in the form of a mortgage commitment (AC at, *inter alia*, ¶¶ 1, 46, 56-59, and 70). Defendants purely conclusory contention that "the allegations in the Amended Complaint and/or documents referred to therein, or relied upon by Plaintiff, do not support but instead contradict Plaintiff's claims" is also never explained.

**Fraud**

Despite Defendants' discursus on the law regarding the specificity of pleading in actions for fraud pursuant to FRCP 9, they have failed to apply these principles to the Amended Complaint herein, merely making the conclusory assertion that "The Amended Complaint does not adequately plead fraud with the requisite specificity". In fact, the specifics of Defendants' fraudulent acts are alleged in the AC at, *inter alia*, ¶¶ 92-97, 99-106, 108-112, 114-115, and 117-120. Incredibly, Defendants are representing to this Court in their request to move that they issued a mortgage commitment to the Plaintiff for a business or commercial loan, even though they are neither licensed nor able to provide this type of loan as they are only licensed to engage in RESPA compliant residential loans in New York State.

**Misrepresentation**

The Defendants' argument to dismiss the cause of action for misrepresentation suffers from the same infirmities as those arguments made regarding the cause of action for fraud. The contention that "In the case at bar, Plaintiff has failed to allege its misrepresentation claim with the specificity required by Rule 9(b). The complaint fails to allege "the who, what, when, where, and how" as required by Rule 9(b)" is again wholly conclusory, and is belied by the allegations in the AC at, *inter alia*, ¶¶ 125-133.

**Breach of the Covenant of Good Faith and Fair Dealing**

As addressed above, separate valid contracts were alleged as to both Defendants, included in each of which is the implied covenant of good faith and fair dealing. As to the contention that this claim "overlaps" that for breach of contract, a claim may be stated for breach of the covenant of good faith and fair dealing in the alternative to the contract cause of action (*Shatz v. Chertok*, 180 A.D.3d 609, 117 N.Y.S.3d 239 (1st Dep't 2020)), especially when there is uncertainty as to

the existence or validity of a contract (*Villacorta v. Saks Inc.*, 32 Misc.3d 1203(A), 932 N.Y.S.2d 764 (Sup. Ct. New York Co. 2011)), which uncertainty Defendants themselves have raised.

**Unjust Enrichment**

As to the contention that the claim for unjust enrichment is duplicative, as stated in *Thompson Bros. Pile Corp. v. Rosenblum*, 121 A.D.3d 672, 993 N.Y.S.2d 353 (2d Dep't 2014), when considering a motion to dismiss, where the existence or validity of a contract is in dispute, the plaintiff may allege a cause of action for unjust enrichment in the alternative. Again, defendants have not yet acknowledged that there was a valid contract of sale.

**The Federal Claims**

Defendants repeat their prior argument that the loan in question was for a business or commercial purpose. As Plaintiff has demonstrated previously and has been plausibly alleged in the Amended Complaint, all documents in this case refer to this as a transaction for residential property and/or that the transaction is subject to RESPA. Examples include, but are not limited to, the Contract of Sale (Dkt. 26-1), which is clearly titled "Residential Contract of Sale"; the Rider at p. 7, (Dkt. 26-1), which is entitled "Notes on Mortgage Contingency Clause for Residential Contract of Sale"; the Servicing Disclosure Statement (Dkt. 32-1), which states "You are applying for a mortgage loan covered by the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2601 et seq.) RESPA gives you certain rights under Federal law"; the Acknowledgment of Receipt of RESPA's Homeownership Counseling Organizations List (Dkt. 32-2); the loan commitment letter (Dkt. 32-3), which states at ¶ 10 that "At closing, an escrow impound account will be established and an initial escrow deposit will be required in accordance with RESPA", and a "Closing Disclosure", the Appraisal Disclosure Form and the Uniform Residential Loan Application (Dkt. 28-1).

As previously pointed out to the Court, Defendant Wall Street Mortgage Bankers Ltd.'s website (www.powerexpressmortgage.com) indicates that they deal in only in residential loans. As alleged in the Amended Complaint, it could not have legally made a business/commercial loan within the scope of its licensure (AC at ¶ 11, 12, and 49).

In *Sloan v. Urban Title Servs., Inc.*, 689 F.Supp.2d 123 (D.D.C. 2010), the plaintiff maintained that the loan should be construed as a personal residential loan as opposed to a commercial loan because she signed for a consumer loan, supporting plaintiffs' theory that RESPA and TILA applied to the loan, even though defendant tried to characterize it as a commercial mortgage. Such is the case here.

Defendants continue to rely upon 12. U.S.C. §2601(a)(1), which, as also previously pointed out to both the Court and Defendants, simply does not exist.

As to Defendants' contention that Plaintiff is a business entity and not a consumer, this was previously addressed, noting that 12 U.S.C. §2602(5) states, "the term "person" includes individuals, corporations, associations, partnerships, and trusts . . . . " Further, the loan documents were executed by Philip Hines, individually. As to the TILA definition of "consumer" in

3

Regulation Z is "a *cardholder* [emphasis added] or natural person to whom consumer credit is offered or extended". Here, as the closing documents show, payment was made by credit card.

As to Defendants' final contention that "the Seventh Cause of Action is based on conclusory allegations that Defendants violated 12 U.S.C. §§ 2604, 2605, 2607 and 2610" and that they apply only to Federally Related Mortgage Loans, this also was previously addressed in Plaintiff's letter to the Court dated June 28, 2022 (Dkt. 19), where it was noted that 12 U.S.C. §2602(1) states, in pertinent part:

> **(1)**the term "federally related mortgage loan" includes any loan (other than temporary financing such as a construction loan) which—
> **(A)**
> is secured by a first or subordinate lien on residential real property (including individual units of condominiums and cooperatives) designed principally for the occupancy of from one to four families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property;

It has been plausibly pled in the Amended Complaint that the Subject Premises are just such a property (*e.g.*, at ¶¶ 22, 24, 29, 36, 42, 49, and 56). Even had Plaintiff not so alleged in detail, *Rau v. Calvert Invs., LLC*, 2019 U.S. Dist. LEXIS 205799 (E.D. Mich. So. Div. 2019) noted that "Cases considering whether a RESPA claim was sufficiently pleaded have held that alleging that a loan was a federally related mortgage loan, without further factual elaboration, was sufficient. Gardner v. First Am. Title Ins. Co., 294 F.3d 991, 994 (8th Cir. 2002); Teeuwissen v. JP Morgan Chase Bank, NA, 902 F. Supp. 2d 826, 836 (S.D. Miss. 2011) (dismissing a RESPA claim where a plaintiff failed to allege in his complaint that his mortgage loan was a federally related mortgage loan)".

The case of *Mauro v. Countrywide Home Loans, Inc.*, 727 F. Supp.2d 145 (E.D.N.Y. 2010) is inapposite to the present matter. In *Mauro*, a cash-out loan was taken on an already owned rental property so that the proceeds could be invested for profit (a "cash out") on another business investment. It did not involve an acquisition or mortgage to purchase a real estate property, as in the present matter. *Mauro* did not address the issue of declarations in a multitude of loan documents and disclosures that RESPA & TILA applied or that the mortgage loan was for a residential property, as in this case. Countrywide may not have really been the true creditor, as opposed to the lender in this matter. Further, in the present case, the lender could not and did not deal in business loans, which was not a factor in *Mauro*.

*Rau, supra* noted that "In deciding Rule 12(b)(6) motions, courts are constrained to consider only the allegations in the complaint, matters of public record, and exhibits attached to the complaint". With this in mind, and in keeping with the well-established plausibility standard of *Iqbal* and *Twombly* which need not be cited at length here, Plaintiff has plausibly alleged support for each and every cause of action in the Amended Complaint. Defendants, on the other hand, have hardly bothered to repackage their original insufficient arguments, offering instead conclusory statements without support and frank misreading of the Amended Complaint.

Based upon the above, it is respectfully requested that the Court deny Defendants' request to file a motion to dismiss.

We thank the Court for its attention to this matter and await the Court's guidance.

Respectfully submitted,

*/s/ Marc J. Held*
Marc J. Held, Esq.

370 LEXINGTON AVENUE, SUITE 800
NEW YORK, NY 10017
TEL: 212.696.4LAW
FAX: 718.444.5768

2004 RALPH AVENUE
BROOKLYN, NY 11234
TEL: 718.531.9700
FAX: 718.444.5768

WWW.HELDHINES.COM

5